IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO, TOLEDO DIVISION

| | |
|---|---|
| Cody Kinderman, | Case No. |
| Plaintiff, | |
| v. | FLSA COLLECTIVE ACTION<br>(29 U.S.C. § 216(B)) |
| Auto Systems Centers, Inc.;<br>1101 Monroe St.<br>Toledo, OH 43697, | Judge |
| | JURY DEMAND |
| Katz Midas Franchisees<br>1101 Monroe St.<br>Toledo, OH 43697, | |
| Midas Auto Service Experts<br>1101 Monroe St.<br>Toledo, OH 43697, | |
| Midas Auto and Tire Experts<br>1101 Monroe St.<br>Toledo, OH 43697, | |
| Max Auto Supply Company<br>1101 Monroe St.<br>Toledo, OH 43697, | |
| and | |
| Randolph Katz<br>1101 Monroe St.<br>Toledo, OH 43697 | |
| Defendants. | |

**COLLECTIVE ACTION COMPLAINT**

Plaintiff Cody Kinderman, by and through his attorney, Michael L. Fradin, brings this action individually and as a putative representative for a collective action under Section 16 of the Fair Labor Standards Act, 29 U.S.C. §216. Plaintiff alleges and complains against the above-named Defendants as follows:

## INTRODUCTION

1. This is an action brought by Cody Kinderman, individually and as a putative representative for a collective action, against Defendants for unpaid wages and overtime pursuant to the Fair Labor Standards Act, 29 U.S.C.§ 201, *et seq.* Plaintiff is not exempt from the protections of the FLSA because he was not paid on a "salary-basis" as defined under the Act; that is, the pre-determined amount of pay which he received was "subject to reduction because of variations in the quality or quantity of work performed." 29 CFR §541.602(a).

## JURISDICTION AND VENUE

2. Jurisdiction in this case is based on 28 U.S.C. §§ 1331 and 1337. This action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* This is the proper venue pursuant to 28 U.S.C. §1391 (b)(1) since all Defendants reside in this judicial district.

## PARTIES

3. Cody Kinderman (hereafter "Kinderman") is an adult individual. At all times material herein, Kinderman was employed by Defendants in the position of a store manager.

4. Kinderman brings this action collectively for all persons who, from three years prior to the filing of this complaint, were employed by Defendants as store managers at their Midas store locations. Kinderman's 216(B) Consent form is attached as exhibit A.

5. Defendants are all residents of Ohio and can be served with process at 1101 Monroe St. Toledo, OH 43697 and have control over the wage policies related to Plaintiff and the putative

2

class members and are responsible for or have control or decision-making authority over wages paid to and hours worked by the Plaintiff and the putative class members.

## FACTS COMMON TO ALL CLAIMS

6. Plaintiff repeats the allegations set forth above in paragraphs 1 through 5 and incorporates them herein by reference.

7. From approximately March, 2018 through May, 2020, Mr. Kinderman was a dedicated employee of Defendants and worked over 40 hours per week for Defendants as a store manager at their Midas location in New Albany, Ohio. Defendants paid a predetermined amount on a weekly basis and did not pay Plaintiff or the putative class members overtime for hours worked over forty per week.

8. During the time period from at least three years prior to the filing of this suit, other persons meeting the definition of putative class members, numbering approximately 200, were employed by Defendants. Those persons were often required to work, and often did work, over 40 hours per week for Defendants without being paid for those hours, and/or without being paid overtime for them.

9. Plaintiff and other store managers are instructed by Defendants to schedule themselves to work six days per week, for 10-11 hours per day.

10. Furthermore, Plaintiff and the other store managers were required to work, or often do work, beyond their scheduled hours of employment if necessary, including working on their day off if the monthly sales projections were slow.

11. Plaintiff and the other store managers typically worked over sixty hours per week in an average workweek.

3

12. Plaintiff's pay was a predetermined amount paid on a bi-weekly basis. However, the pay does not meet the salary test because it was subject to reduction and in many cases actually reduced because of variations in quality or quantity of work performed.

13. For example, Defendants deducted business losses such as damaged or missing equipment from Plaintiff's and other store managers' wages.

14. Defendants also deduct their store accounting discrepancies from the Plaintiff and other managers' wages.

15. Defendants also deduct the cost of work uniforms from the store managers' pay.

16. The deductions for equipment damage, accounting discrepancies, missing tools, work uniforms and other punitive deductions from Plaintiff and the other store managers wages are regular and consistent.

17. Defendants' wage statements show 40 hours are worked by managers during weeks in which they may have worked many more than 40 hours.

18. Defendants also reduce the weekly salary of managers during weeks in which the manager works less than 42 hours, regardless of if any full workdays were missed.

19. Plaintiffs were not ever paid overtime (i.e. time and a half pay rate).

## COLLECTIVE ACTION ALLEGATIONS

20. Plaintiffs repeat the allegations set forth above in paragraphs 1 through 19 and incorporate them herein by reference.

21. Plaintiff brings this action not only for himself but as representative for a collective action on behalf of all persons employed as a store manager at any of Defendants' Midas Oil locations at any time during the period from 3 years of the date of filing this complaint and who meet the definition of putative class members set forth above.

22. Plaintiff is similarly situated to those persons and will prosecute this action vigorously on their behalf.

23. Plaintiff, through counsel, will request under 29 U.S.C. Section 216 for this Court to notify all of those persons to allow them to opt-in to this proceeding to be subject to this court's decision, or that of the fact finder, on the right to the wages and overtime described above.

**OVERTIME VIOLATION**
**Fair Labor Standards Act ("FLSA")**

24. Plaintiff repeats the allegations set forth above in paragraphs 1 through 23 and incorporates them herein by reference.

25. Defendants are an employer covered by the overtime requirements set forth in the Fair Labor Standards Act ("FLSA").

26. Plaintiff and other managers work or worked in excess of the maximum weekly hours permitted under the FLSA but were not paid overtime for those excess hours because they are erroneously classified as exempt employees. However, this method of compensation does not qualify for any exemption from the wage and overtime obligations imposed by the FLSA.

27. Throughout Plaintiff's employment, Defendants have known that this method of compensation does not render store managers exempt from the wage and overtime obligations imposed by the FLSA. Defendants have also known that it is required to pay hourly wages to Plaintiff and other managers for hours worked over forty. Defendants have also known that it is required to pay overtime at the rate of time and a half to store managers for hours worked in any week. Despite such knowledge, Defendants have willfully withheld and failed to pay the wages and overtime compensation to which store managers are entitled.

28. Pursuant to the FLSA, Plaintiff and the putative class members are entitled to compensation for the unpaid overtime at a rate of one-and-one-half times their hourly wage. Because the Defendants' failure to pay overtime was willful pursuant to 28 U.S.C. § 255(a), Plaintiff and the

putative class members are entitled to these wages, in addition to liquidated damages, dating back three years.

29. The exact amount of overtime compensation that Defendants have failed to pay the Plaintiff and other store managers is unknown at this time, as many of the records necessary to make such precise calculations are in the possession of Defendants. Similarly, the identity of the other putative class members is unknown at this time but is known to Defendants and is set forth in Defendants' records.

30. The FLSA requires employers to make, keep, and preserve records of the wages, hours, and other conditions and practices of employment, and to preserve such records. Plaintiffs are entitled to review their records of hours worked to determine the exact amount of overtime wages owed by Defendants and to immediately identify the putative class members who have a right to join this collective action.

31. Defendants' failure to pay Plaintiff and the putative class members at the lawful overtime rates is not based on good faith or reasonable grounds or a belief that such failure was not in violation of the FLSA. Therefore, pursuant to 29 U.S.C. § 216(b), Plaintiffs are entitled to liquidated damages in an amount equal to the compensation and/or overtime which they have not been paid.

32. Plaintiff has been required to file this action as the result of the Defendants' actions in failing to pay him proper compensation. As such, Plaintiff is entitled to attorney fees and costs incurred pursuant to 28 U.S.C. § 216(b).

**WHEREFORE**, Plaintiff requests judgment against Defendants as follows:

I. Awarding Plaintiff and the FLSA Class unpaid wages including overtime wages as to be determined at trial together with any liquidated damages allowed by law;

II. Awarding Plaintiff and the FLSA Class their reasonable costs and attorney fees necessarily incurred herein; and

III. Awarding Plaintiff and the FLSA Class such other and further relief as the Court deems just and proper.

*JURY DEMAND ENDORSED HEREON*

Respectfully submitted,
s/ *Michael L. Fradin*
Attorney for Plaintiff (0091739)

LAW OFFICE OF MICHAEL L. FRADIN
Michael L. Fradin, Esq.
8 N. Court St. Suite 403
Athens, Ohio 45701
Telephone: 847-986-5889
Facsimile: 847-673-1228
Email: mike@fradinlaw.com